IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DIANA HAHN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 22-cv-00369-GKF-SH |
| OHIO SECURITY INSURANCE COMPANY d/b/a LIBERTY MUTUAL INSURANCE, | ) ) ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

Before the Court is Defendant's motion to quash portions of the document subpoena to Dr. Clint Basener ("Basener"). For the most part, the Court finds Defendant's arguments to be foreclosed by its prior representations as accepted by the Court and that Defendant fails to show burden. The Court will, however, quash any request that Basener create documents that do not currently exist.

**Background**

Plaintiff Diana Hahn ("Hahn") claims Defendant Ohio Security Insurance Company ("Ohio Security") underpaid on her insurance claim relating to a motor vehicle accident in 2017. (ECF Nos. 2-1.) After Hahn made her insurance claim, Ohio Security retained Basener "to complete an independent peer review of [Hahn's] medical records to assist in determining causation of [Hahn's] alleged injuries." (ECF No. 59 at 2-3.) Ohio Security has listed Basener as a witness in this case, stating he will testify as to his "Peer Review Opinion; Plaintiff's pre-existing medical condition; causation of Plaintiff's injuries; treatment related to the accident; explanation of Ms. Hahn's current symptoms; [and] Ms. Hahn's limitations prior to the accident compared to after the accident." (ECF

No. 69-4 at 2.) Ohio Security asserts that Basener is not a retained expert witness required to provide an expert report—that is, he is not a witness "retained or specially employed to provide expert testimony in the case . . . ." (ECF No. 59 at 4 (citing Fed. R. Civ. P. 26(a)(2)(B).) Instead, it appears that Basener will testify as a non-retained expert witness "consistent with the report he prepared in the underlying claim." (*Id.* at 9.) *See also* Fed. R. Civ. P. 26(a)(2)(C).

On May 25, 2023, Plaintiff issued a document subpoena to Basener. (ECF No. 59-2.) As pertinent to Plaintiff's motion, the subpoena asks Basener to produce (1) a list of all cases in which he has served as an expert witness in the last five years; and (2) financial records from 2018 to 2022 showing income from "(a) insurance companies, defense or so called 'independent' medical or life care plan examinations, life care plan reviews or investigations; (b) worker's compensation examinations or treatment[;] (c) I.R.S. Form 1099's from automobile insurance companies and/or law firms that reflect total payments for defense or so called 'independent' medical or life care plan examinations, reviews or investigations." (*Id.*) The subpoena then states, "This Subpoena only seeks documentation of payments for defense or so called 'independent' medical or life care plan examinations, reviews or investigations." (*Id.* (emphasis in original).)

On June 8, 2023, Defendant's counsel reported that Basener had requested they object to these two categories of documents. (ECF No. 60-1.) However, they also reported that Basener would "produce responsive documents where he has received payment through Certified Medical Consultants, which is the company through which he was hired and paid in this case, and Exam Work, as these documents contain only payments received for the types of medical reviews sought in the subpoena." (*Id.*) Basener was "in

the process of gathering these documents to produce but need[ed] additional time due to the burdensome nature." (*Id.*)

Defendant has now filed a motion to quash the document subpoena as to these two categories of documents, arguing they seek irrelevant documents, are overbroad and disproportionate to the needs of the case, and impose an undue burden on Basener. (ECF No. 59.) Plaintiff responds that she is merely seeking the same sort of information from Defendant's witness that Defendant had sought from her "unretained life care planner," Lonnie Huff. (ECF No. 69 at 1.) Plaintiff also argues that Defendant has failed to show any undue burden. (*Id.* at 7-10.)

## Analysis

### I. Standard for Discovery

A party may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Evidence is relevant if it has any tendency to make a fact of consequence in the action more or less probable than it would be without that evidence. Fed. R. Evid. 401. Proportionality is a case-specific determination, looking at, among other things, the importance of the discovery in resolving issues in the case and whether the burden of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1) & advisory ctte.'s note, 2015 am. When the discovery is sought from a third party, the attorney responsible for issuing the subpoena must take reasonable steps to avoid imposing an undue burden or expense, and this Court is tasked with enforcing that duty. Fed. R. Civ. P. 45(d)(1), (3)(A)(iv). While the party requesting the information should be able to explain how the information is relevant, the party claiming undue burden generally must supply the

3

information needed for a determination of burden.  Fed. R. Civ. P. 26, advisory ctte.'s note, 2015 am.

Finally, standing can be an issue.  A party with no personal or proprietary interest in the information sought generally lacks standing to object on the basis of undue burden.  *See, e.g., Copeland v. C.A.A.I.R., Inc.*, No. 17-CV-564-TCK-JFJ, 2020 WL 972754, at *2 (N.D. Okla. Feb. 28, 2020).  Still, the Court may exercise its inherent power to limit non-proportional discovery.  *Id*. at *3.

## II. Defendant Has Already Conceded the Relevance of the Requested Documents as to a Non-Retained Expert

Defendant first argues that "[w]hat Dr. Basener is paid for completing workers compensation examinations or treatments, or what he is paid by insurance companies other than Ohio Security" is not relevant under Rule 401.  (ECF No. 59 at 4.)  And, yet, just a few months ago, Defendant made the opposite argument before this Court, when seeking documents from another non-retained, and potential non-expert witness, Lonnie Huff of LDH Consultants.[1]  In Defendant's own subpoena to Huff, Defendant sought the mirror-image of the documents now sought by Plaintiff from Basener.  (*Compare* ECF No. 25-4 at 4 *with* ECF No. 59-2 at 4.)  And, when Huff objected to the subpoena, Defendant argued

> the financial documents sought by Ohio Security are relevant to the cross-examination of Huff.  Oklahoma courts recognize that cross-examination is . . . an absolute right given by law, since it acts as a safeguard to truthfulness and accuracy, and may be used to discredit a witness or develop facts favorable to the cross-examining party. . . .  Courts have cautioned that expert witnesses 'present a particular need for close scrutiny' as 'expert witnesses who seek law firms . . . as client may have interests beyond the fact of individual cases in producing opinion evidence.'  Indeed, it is

---

[1] In the briefing on the LDH subpoena, Plaintiff stated she had not retained LDH/Huff and had not named him as an expert witness.  (ECF No. 28 at 3.)

4

> necessary for a jury to 'know of the potential influences that are brought to bear on the witness.'
>
> . . . [T]here is an obvious potential for bias, as Huff's compensation from the potential repeat business from the Brune Law Firm, or other personal injury firms, may be predicated upon reports that influence his position. . . . Thus, Ohio Security is entitled to the financial documents for purposes of reviewing Huff's potential bias and allowing the jury to evaluate his credibility through cross-examination, and if appropriate, to challenge the admissibility of his testimony as an expert witness through a *Daubert* motion.

(ECF No. 25 at 5-6 (citations omitted).) Defendant has offered no substantive basis to distinguish the non-retained expert Basener from the non-retained, potentially non-expert witness Lonnie Huff.[2] The Court holds Defendant to its original assertion[3] that such materials are relevant.[4] Therefore, the undersigned declines to stray from its previous ruling, where it granted Defendant's motion to compel based, in part, on a recognition that an expert's—even a non-retained expert's—"prior work . . . and financial dependence on such work would tend to make [their] testimony . . . more or less credible and, therefore, more or less likely to be true." (ECF No. 32 at 6.)

---

[2] The only potential difference with Huff relates to his original agreement to be deposed and then his withdrawal of that agreement when he learned that Plaintiff had new counsel. (*Id*. at 6.) However, Defendant issued its subpoena to Huff before that withdrawal. (*Compare* ECF No. 25-4 *with* No. 25-5.)

[3] The Court also sees no meaningful distinction between Defendant's subpoena to Huff, requesting production of "financial records reflecting income" from various sources between 2018 and 2022 (ECF No. 69-3) and which Defendant argued was proper (ECF No. 25 at 5-7), and Plaintiff's request for "any and all financial records" from those same years (ECF No. 59-2), which Defendant argues is "overbroad on its face" (ECF No. 59 at 5).

[4] Because Defendant has listed Basener as its witness and has previously asserted (successfully) that this information is necessary for cross-examination of a witness, the Court need not consider whether the information is or is not relevant to the reasonableness of Ohio Security's investigation or other aspects of Plaintiff's case-in-chief. (*See* ECF No. 59 at 5-6.)

The same applies to the request for cases where Basener has served as an expert witness. Again, when seeking documents from the non-retained, potentially non-expert witness Lonnie Huff, Defendant sought the exact same information—a list of cases where Mr. Huff had served as an expert witness in the last five years. (ECF No. 25-4 at 4.) And, again, Defendant asserted "[t]he documents sought by the subpoena are relevant . . . and thus are within the scope of discovery." (ECF No. 29 at 2.) Yet, now that its non-retained expert witness has been asked for the same information, Defendant asserts that such a request "defies [the] purpose of the rules themselves . . . ." (ECF No. 59.) Defendant offers no basis to distinguish the relevance of this material as to Lonnie Huff from the irrelevance of this material as to Basener. The Court will hold Defendant to its original assertions to this Court and will find the same way it did when Defendant previously raised the argument—that prior work as an expert witness is relevant. (ECF No. 32 at 6.)

### III. With One Exception, Defendant Fails to Show an Undue Burden or Lack of Proportionality

As in the case of Lonnie Huff, the Court is again faced with a claim of burden on a third party who has not, himself, sought protection from the subpoena. Defendant has offered no basis to believe that it has a personal or propriety interest in Basener's records and, therefore, lacks standing to object on the basis of undue burden. *Copeland*, 2020 WL 972754, at *2. That leaves the Court with its inherent power to limit non-proportional discovery. *Id.* at *3. In the case of Lonnie Huff, the Court found Plaintiff had not shown an undue burden. Instead, as it relates to the financial records, Plaintiff had relied on a "blanket assertion that such discovery is always unduly burdensome" without providing any information as to the actual burden imposed on Huff. (ECF No. 32 at 8.) In this instance, Defendant attempts to provide more detail regarding the alleged burden, but its

6

arguments are vague, misconstrue the subpoena, and appear contradictory to statements its counsel has made on behalf of Basener.

First, as it relates to the financial records, Defendant asserts,

> Many of the financial documents reflect payments that encompass services other than the types of financial information requested in the subpoena such as payments for surgeries and other medical treatments, and thus sifting through five years of financial statements trying to identify responsive documents and information would be time consuming, expensive, and unduly burdensome for him.

(ECF No. 59 at 1.)  But, in its letter on behalf of Basener, Defendant's attorneys represented that he could discern what documents contain the "payments received for the types of medical reviews sought in the subpoena" because he received such payments through two specific companies, and he merely needed additional time to gather those documents.  (ECF No. 60-1.)  It does not appear any kind of "sifting" is required to respond to the subpoena on this issue.[5]

Second, as it relates to prior expert testimony, Defendant asserts Basener "does not maintain a list of cases in which he has provided expert testimony in the last five years and has advised it would be burdensome for him to determine the case number, jurisdiction, and attorneys involved." (ECF No. 59 at 8.)  It is not entirely clear whether Defendant is saying Basener has <u>no</u> documents containing the information requested, or whether he simply does not "maintain" a list in the exact format and containing only the

---

[5] In its brief, Defendant appears to argue that the subpoena sought documentation of payments from insurers for medical services to patients, workers' compensation examinations, and payments received for providing surgeries and other medical treatments. (ECF No. 59 at 6.)  This is not, however, what the subpoena says.  Instead, the subpoena emphasizes that its "<u>only seeks documentation of payments for defense or so called 'independent' medical or life care plan examinations, reviews or investigations</u>." (ECF No. 59-2 at 4.)  If it does not relate to such medical/life care plan examinations, reviews, or investigations, it was not sought.

information requested.⁶  If a responsive document truly does not exist, Basener has no obligation to create one.  *United States v. Childs,* No. CR-09-146-D, 2018 WL 775018, at *5 (W.D. Okla. Feb. 7, 2018).  Therefore, to the extent Plaintiff is intending to ask Basener to create a non-existent document, the subpoena is quashed.  To the extent any responsive documents exist, however, Defendant has failed to show any burden imposed by this request.  As such, despite its low "likely benefit" at trial, the Court has been given no basis to find the request disproportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1).

IT IS THEREFORE ORDERED that *Defendant's Objection and Motion to Quash Portions of Plaintiff's Subpoena to Dr. Clint Basener* (ECF No. 59) is GRANTED IN PART AND DENIED IN PART.  Basener is not obligated to create any documents that do not currently exist, and any request that he do so is quashed.  Defendant's motion is otherwise denied.

ORDERED this 27th day of July, 2023.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

⁶ Defendant argues Basener would be burdened because he would need to narrow a list down "to the type of expert testimony provided because he is a medical doctor that would opine on several different subjects other than causation in a car wreck based upon reviewing medical records as a retained consultant for an insurance company." (ECF No. 59 at 8-9.)  The subpoena, however, does not ask that the list be so limited.  (ECF No. 59-2 at 4.)