IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DIANA HAHN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 22-cv-00369-GKF-SH |
| OHIO SECURITY INSURANCE | ) |
| COMPANY d/b/a LIBERTY MUTUAL | ) |
| INSURANCE, | ) |
| | ) |
| Defendant. | ) |

## **OPINION AND ORDER**

Before the Court is Defendant's motion to quash portions of the document subpoena to Charlene Canada ("Canada"). The Court finds Defendant's arguments to be foreclosed by its prior representations, accepted by the Court, that the information sought is relevant, and Defendant fails to show burden. The Court further rejects Defendant's arguments regarding the phrasing of the subpoena, that certain documents are necessarily protected trial preparation materials, or that Canada is entitled to compensation.

## **Background**

Plaintiff Diana Hahn ("Hahn") claims Defendant Ohio Security Insurance Company ("Ohio Security") underpaid on her insurance claim relating to a motor vehicle accident in 2017. (ECF Nos. 2-1.) As part of her insurance claim, Hahn submitted a "Life Care Plan" prepared by Lonnie Huff. (ECF No. 66 at 2.) Ohio Security retained Canada to "review the submitted life care plan and prepare a responsive analysis." (*Id.*) Ohio Security has listed Canada as a witness in this case, stating she will testify as to her "January 15, 2021, Responsive Life Care Plan Analysis; Plaintiff's pre-existing medical

condition; treatment related to the accident; Plaintiff's future medical treatment; [and a] January 4, 2021 medical bill audit." (ECF No. 69-4 at 2.) Ohio Security asserts that Canada is not listed as a "testifying witness retained for litigation, but as a witness having expertise." (ECF No. 66 at 3.) As such, it appears Canada will testify as a non-retained expert witness under Fed. R. Civ. P. 26(a)(2)(C).

On June 12, 2023, Plaintiff issued a document subpoena to Canada. (ECF No. 66-4.) As pertinent to Plaintiff's motion, the subpoena asks Canada to produce financial records from 2018 to 2022 showing income from "(a) insurance companies, defense or so called 'independent' medical or life care plan examinations, life care plan reviews or investigations; (b) worker's compensation examinations or treatment[;] (c) I.R.S. Form 1099's from automobile insurance companies and/or law firms that reflect total payments for defense or so called 'independent' medical or life care plan examinations, reviews or investigations." (*Id.* at 4.) The subpoena then states, "This Subpoena only seeks documentation of payments for defense or so called 'independent' medical or life care plan examinations, reviews or investigations." (*Id.* (emphasis in original).)

On June 26, 2023, Defendant's counsel reported that Canada had requested they object to categories (a) and (c) and referred Plaintiff to its own objection letter. (ECF Nos. 66-2 & 66-1.) Defendant has now filed a motion to quash the document subpoena as to these two categories of documents,[1] arguing they seek irrelevant documents and are

---

[1] Canada does not appear to have objected to the request relating to income for worker's compensation examinations or treatments, as limited to independent medical/life care plan examinations, reviews, or investigations. (ECF No. 66-2.) Defendant's objection letter only vaguely references "financial documents" and does not specify whether Defendant is objecting to all three categories of documents. (ECF No. 66-1.) As Defendant's motion only provides arguments for categories (a) and (c), the Court construes Defendant's motion to quash as relating to only those two categories of documents.

2

unduly burdensome and disproportionate to the needs of the case. (ECF No. 66.) Plaintiff responds that she is merely seeking the same sort of information from Defendant's witness that Defendant had sought from her "unretained life care planner," Lonnie Huff. (ECF No. 69 at 1.) Plaintiff also argues that Defendant has failed to show any undue burden. (*Id.* at 7-10.)

## Analysis

### I. Standard for Discovery

A party may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Evidence is relevant if it has any tendency to make a fact of consequence in the action more or less probable than it would be without that evidence. Fed. R. Evid. 401. Proportionality is a case-specific determination, looking at, among other things, the importance of the discovery in resolving issues in the case and whether the burden of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1) & advisory ctte.'s note, 2015 am. When the discovery is sought from a third party, the attorney responsible for issuing the subpoena must take reasonable steps to avoid imposing an undue burden or expense, and this Court is tasked with enforcing that duty. Fed. R. Civ. P. 45(d)(1), (3)(A)(iv). While the party requesting the information should be able to explain how the information is relevant, the party claiming undue burden generally must supply the information needed for a determination of burden. Fed. R. Civ. P. 26, advisory ctte.'s note, 2015 am.

Finally, standing can be an issue. A party with no personal or proprietary interest in the information sought generally lacks standing to object on the basis of undue burden. *See, e.g., Copeland v. C.A.A.I.R., Inc.,* No. 17-CV-564-TCK-JFJ, 2020 WL 972754, at *2

(N.D. Okla. Feb. 28, 2020). Still, the Court may exercise its inherent power to limit non-proportional discovery. *Id.* at \*3.

## II. Defendant Has Already Conceded the Relevance of the Requested Documents as to a Non-Retained Expert

Defendant first argues that "[w]hat Charlene Canada is paid by insurance companies other than Ohio Security" is not relevant under Rule 401. (ECF No. 66 at 3-4.) And, yet, just a few months ago, Defendant made the opposite argument before this Court when seeking documents from another non-retained, and potential non-expert witness,[2] Lonnie Huff of LDH Consultants—the very person whose report Canada was retained to analyze. In Defendant's own subpoena to Huff, Defendant sought the mirror-image of the documents now sought by Plaintiff from Canada. (*Compare* ECF No. 25-4 at 4 *with* ECF No. 66-4 at 4.) And, when Huff objected to the subpoena, Defendant argued

> the financial documents sought by Ohio Security are relevant to the cross-examination of Huff. Oklahoma courts recognize that cross-examination is . . . an absolute right given by law, since it acts as a safeguard to truthfulness and accuracy, and may be used to discredit a witness or develop facts favorable to the cross-examining party. . . . Courts have cautioned that expert witnesses 'present a particular need for close scrutiny' as 'expert witnesses who seek law firms . . . as client may have interests beyond the fact of individual cases in producing opinion evidence.' Indeed, it is necessary for a jury to 'know of the potential influences that are brought to bear on the witness.'
>
> . . . [T]here is an obvious potential for bias, as Huff's compensation from the potential repeat business from the Brune Law Firm, or other personal injury firms, may be predicated upon reports that influence his position. . . . Thus, Ohio Security is entitled to the financial documents for purposes of reviewing Huff's potential bias and allowing the jury to evaluate his credibility through cross-examination, and if appropriate, to challenge the admissibility of his testimony as an expert witness through a *Daubert* motion.

---

[2] In the briefing on the LDH subpoena, Plaintiff stated she had not retained LDH/Huff and had not named him as an expert witness. (ECF No. 28 at 3.)

4

(ECF No. 25 at 5-6 (citations omitted).)  Defendant has offered no substantive basis to distinguish the non-retained expert Canada from the non-retained, potentially non-expert witness Lonnie Huff.[3]  The Court holds Defendant to its original assertion[4] that such materials are relevant.[5]  Therefore, the undersigned declines to stray from its previous ruling, where it granted Defendant's motion to compel based, in part, on a recognition that an expert's—even a non-retained expert's—"prior work . . . and financial dependence on such work would tend to make [their] testimony . . . more or less credible and, therefore, more or less likely to be true." (ECF No. 32 at 6.)

### III.  Defendant Fails to Show an Undue Burden or Lack of Proportionality

As in the case of Lonnie Huff, the Court is again faced with a claim of burden on a third party who has not, herself, sought protection from the subpoena.  Defendant has offered no basis to believe that it has a personal or propriety interest in Canada's records and, therefore, lacks standing to object on the basis of undue burden. *Copeland*, 2020 WL 972754, at *2.  That leaves the Court with its inherent power to limit non-proportional discovery. *Id.* at *3.  In the case of Lonnie Huff, the Court found Plaintiff had not shown

---

[3] The only potential difference with Huff relates to his original agreement to be deposed and then his withdrawal of that agreement when he learned that Plaintiff had new counsel. (*Id.* at 6.)  However, Defendant issued its subpoena to Huff before that withdrawal. (*Compare* ECF No. 25-4 *with* No. 25-5.)

[4] The Court also sees no meaningful distinction between Defendant's subpoena to Huff, requesting production of "financial records reflecting income" from various sources between 2018 and 2022 (ECF No. 69-3 at 4) and which Defendant argued was proper (ECF No. 25 at 5-7), and Plaintiff's request for "any and all financial records" from those same years (ECF No. 66-4 at 4), which Defendant argues is "overbroad on its face" (ECF No. 66 at 4).

[5] Because Defendant has listed Canada as its witness and has previously asserted (successfully) that this information is necessary for cross-examination of a witness, the Court need not consider whether the information is or is not relevant to the reasonableness of Ohio Security's investigation or other aspects of Plaintiff's case-in-chief. (*See* ECF No. 66 at 5-7.)

an undue burden. Instead, as it relates to the financial records, Plaintiff had relied on a "blanket assertion that such discovery is always unduly burdensome" without providing any information as to the actual burden imposed on Huff. (ECF No. 32 at 8.) Now that its own expert has been subpoenaed, Defendant makes a similar argument—stating "the subpoena to Ms. Canada is overbroad on its face," apparently because it uses the phrase "any and all" before describing the categories of financial documents it seeks. (ECF No. 66 at 4.) However, Defendant then attempts to provide more detail, stating,

> Ms. Canada has advised fulfilling this request would require manually locating and reviewing financial documents for the last five years to determine what each financial document was prepared or based upon, whether the payment was from an insurance company, whether it was for a plaintiff or defendant and the purpose of the analysis or consult and whether she was a testifying or consulting witness (because consulting witnesses are not discoverable pursuant to Rule 26(b)(4)).[6]

(*Id.*) This information, however, begs more questions than it answers. There is no indication of the volume of work Canada has done for "insurance companies, defense or so called 'independent' medical or life care plan examinations, life care plan reviews or investigations . . . ." (ECF No. 66-4 at 4.) Nor is there, for example, information indicating that Canada ever does such work for plaintiffs or their attorneys, or whether she receives compensation for work other than performing life care plan examinations. Without this information, the Court has no knowledge of the true burden, if any, imposed on Canada

---

[6] Rule 26(b)(4)(D) provides that, ordinarily, a party may not discover "facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." This has been interpreted as prohibiting inquiry into the identity of non-testifying consulting experts, absent a proper showing. *See, e.g., Ager v. Jane C. Stormont Hosp. & Training Sch. for Nurses*, 622 F.2d 496, 502-03 (10th Cir. 1980). Defendant, however, has provided no authority for its assertion that a testifying witness in this case cannot be asked about financial compensation she has received in other cases for serving as a consulting expert.

by Plaintiff's reciprocal subpoena. Because Defendant has failed to provide the undersigned with sufficient facts, and given the relevancy finding above, the Court does not find the requested information to be unduly burdensome or disproportionate to the needs of the case.

### IV. The Phrasing of the Subpoena Does Not Inhibit Canada's Ability to Respond

Defendant next objects to the subpoena because it asks for "so called 'independent'" exams, reviews, or investigations. (ECF No. 66 at 8-9.) According to Defendant, by providing documents in response to such a request, Canada may be subject to an argument that either she or Defendant "agrees with the phrasing 'so called' versus their accurate opinion that they were obtaining or providing an independent and second look at the Life Care Plan submissions." (*Id.* at 9.) Defendant even goes further, stating that any "actual independent reviews" are "now not responsive" to the subpoena. (*Id.*)

Defendant's objection appears to misapprehend one of the accepted definitions of "so called." Historically, the term simply means what it says, that something is "[c]alled or designated by that name." *So-called*, Oxford English Dictionary, *available at* https://www.oed.com/dictionary/so-called_adj?tab=meaning_and_use#21920199 (last visited July 25, 2023). More recently, the term does have a more negative connotation, but even so, it is "used merely to call attention to the description, without implication of correctness . . . ." *Id.* As Canada does, apparently, believe that she performs some sort of "independent" reviews, it appears she has the capability of responding to the subpoena, and either Canada or Defendant can clarify that they are in no way agreeing that the reviews are not independent. Most importantly, however much umbrage Defendant's counsel takes with the term "so called," it is clear that they understand what—

7

in substance—the subpoena was trying to request. Any attempts to parse the definition of "so called" to render the subpoena a nullity would be unwelcomed by this Court.

## V. A Ruling as to Trial Preparation Protection is Premature

As noted above, Defendant has designated Canada as a non-reporting expert witness—that is, she is not a witness "retained or specially employed to provide expert testimony" in this case. *See* Fed. R. Civ. P. 26(a)(2)(B). Presumably, Defendant takes that position because it hired Canada to provide her opinions as part of its claims analysis, albeit after receiving the December 2020 demand from Plaintiff's then-attorney. However, in the current briefing, Defendant appears to indicate that, at some point, Canada has also become a consulting expert—that is, "an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." *See* Fed. R. Civ. P. 26(b)(4)(D). At least, Defendant makes a cryptic, one-line reference that it "also objects to the production of communications relating to trial preparation <u>consultation</u> with Ms. Canada," citing Rule 26(b)(4).[7] (ECF No. 66 at 4 (emphasis added).) Defendant further has provided documents for the Court to review in camera.

If Defendant is attempting to assert that some of the documents sought by the subpoena are protected as trial preparation materials, or otherwise, it has not provided sufficient factual information or legal authorities to allow the Court to make that determination. At least in the case of a specially retained expert, it may be possible for

---

[7] To the extent Defendant argues that its communications with Canada would be protected under Rule 26(b)(4)(C), its argument also fails. By its own terms, subsection (C) protects only communications between the party's attorney and a witness required to provide a report under Rule 26(a)(2)(B). As noted above, Defendant claims Canada is not such a reporting witness.

that expert to be a "dual-hat" or "dual-capacity" expert. *See, e.g., Clark v. Quiros,* No. 3:19-CV-575 (VLB), 2022 WL 3716355, at *3 (D. Conn. Aug. 29, 2022). In those circumstances, some courts have held that the materials "generated or considered *uniquely* in the expert's role as consultant" may be protected under Rule 26(b)(4)(D), while the material relating to the subject of the expert testimony may be potentially discoverable under Rule 26(a)(2)(B)—at least if not protected by Rule 26(b)(4)(C). *Id.* (quoting *In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prod. Liab. Litig.,* No. 2:18-MD-2846, 2021 WL 2280657, at *4 (S.D. Ohio June 4, 2021)); *see also Okla. v. Tyson Foods, Inc.,* No. 05-CV-329-GKF-PJC, 2009 WL 1578937, at *2-*4 (N.D. Okla. June 2, 2009) (applying earlier version of Rule 26).

The situation here, however, appears different. Here, it appears Canada was an independent contractor hired by Ohio Security during the claims process to render certain opinions. (ECF No. 66 at 2.) After litigation commenced, Defendant listed Canada as a non-retained expert witness who would opine as to her "Responsive Life Plan Analysis" and "medical bill audit," as well as Plaintiff's pre-existing medical conditions, treatment related to the accident, and future medical treatment. (ECF No. 69-4.) If this were all, then it would appear defense counsel's communications with Canada would not be protected by attorney-client privilege, and any waiver of attorney work product would have to be analyzed under the applicable standards for confidentiality of such work product. But this is not all.

Defendant or its counsel may have now retained Canada for "trial preparation consultation" (ECF No. 66 at 4), and may now be arguing that some subset of "facts known or opinions held by" her are trial preparation materials. *See* Fed. R. Civ. P. 26(b)(4)(D). Yet, Defendant does not explain whether or how the "facts known or opinions held by"

9

Canada as a consulting expert are different from the "summary of the facts and opinions to which [she] is expected to testify." *Compare* Fed. R. Civ. P. 26(b)(4)(D) *with* Fed. R. Civ. P. 26(a)(2)(C). Defendant further does not delineate what standard would apply to a claim of privilege or protection in this situation. *But see, e.g., United States v. Sierra Pac. Indus.*, No. CIV S-09-2445 KJM, 2011 WL 5508864, at *5-*7 (E.D. Cal. Nov. 8, 2011) (analyzing claims of protection for non-retained testifying expert who also a consulting expert for a related party). Consequently, Defendant has not provided sufficient information from which this Court could make a determination of privilege or protection.[8] Considering this lack of information, the Court is in no position to rule on Defendant's claim.

## VI. Rule 45 Does Not Require Plaintiff to Compensate Canada

Finally, Defendant argues that, if the subpoena is not quashed, Plaintiff should be required to compensate Canada under Fed. R. Civ. P. 45(d)(3)(C)(ii). (ECF No. 66 at 1 & 9.) Defendant provides no legal argument in support of this request, and the Court finds it has waived any such argument. In any event, Rule 45(d)(3)(C)(ii) applies only when a court declines to quash a subpoena "[i]n the circumstances described in Rule 45(d)(3)(B)," which involve trade secrets and other confidential information, or when a subpoena requires "disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was

---

[8] The documents provided in camera do not make the situation any clearer. The bulk of these documents appear to be third-party factual discovery received by Defendant's attorneys. The remainder consists of two e-mail communications addressed to "me" and certain other recipients, with no way of telling who "me" was; certain filings from this case; and one unexecuted document that might indicate income if an agreement has been consummated.

not requested by a party." *See* Fed. R. Civ. P. 45(d)(3)(B), (C)(ii).  Defendant does not argue that the requested information in any way fits into either of these categories.

IT IS THEREFORE ORDERED that *Defendant's Objection and Motion to Portions of Plaintiff's Subpoena to Charlene Canada* (ECF No. 66) is DENIED.

ORDERED this 27th day of July, 2023.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT